**The below described is SIGNED.**

Dated: May 28, 2013

**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



*Prepared by:*
Steven C. Strong (6340)
PARSONS KINGHORN HARRIS
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Email: scs@pkhlawyers.com

Attorneys for the Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 12-35905 (WTT) |
| Steven P. White, | Chapter 11 |
| Debtor. | |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S PLAN OF REORGANIZATION

The Court conducted a hearing on May 28, 2013 at 2:00 p.m. (the "Confirmation Hearing") to consider confirmation of the *Debtor's Revised Plan of Reorganization Dated April 12, 2013* [Docket No. 37] (the "Plan") filed by Steven P. White (the "Debtor"). Steven C. Strong appeared at the hearing on behalf of the Debtor. Other appearances were noted on the record.

Based upon the evidence received at the Confirmation Hearing, the *Memorandum in Support of Plan Confirmation* [Docket No. 50], the other papers filed concerning the Plan [*e.g.*, Docket Nos. 41, 42, 43, 44, 45, 47, 48, 49, and 51], the statements of counsel and other matters of

{00168039.DOC /}

record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, THE COURT HEREBY FINDS AND CONCLUDES[1] as follows:

  A. <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

  B. <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

  C. <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and service were adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

  D. <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.  Based on the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. Pro. 7052.

[2] Capitalized terms used but not otherwise defined herein are defined in the Plan.

[3] Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

E. Distribution. All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

F. Creditors' Acceptance of Plan. The Plan establishes seven Classes of Claims. Classes 2, 3, 6 and 7 accepted the Plan by affirmative vote. No qualifying ballots were returned with respect to Classes 1, 4, or 5, and no creditors in those Classes objected to confirmation of the Plan. Thus, Classes 1, 4, and 5 are deemed to have accepted the Plan.[4] Accordingly, all seven Classes have accepted the Plan.

G. Plan Complies with Bankruptcy Code. The Plan, as modified in the *Debtor's Revised Plan of Reorganization Dated 12, 2013, as Modified May 24, 2013* [Dkt. # 48] (the "Modified Plan" and, as further supplemented by the order confirming the Modified Plan, the "**Confirmed Plan**"), complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

> i. Proper Classification. The Claims placed in each Class are substantially similar to other Claims in each such Class. The Confirmed Plan properly classifies Claims. In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Confirmed Plan, the Plan designates various separate Classes of Claims based on differences in their legal nature or priority. Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims under the Plan. Finally, the

---

[4] See, e.g., In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988); In re Jones, 530, F.3d 1284, 1291 (10th Cir. 2008); In re Armstrong, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

Classes do not unfairly discriminate between holders of Claims. Thus, the Confirmed Plan satisfies §§ 1122 and 1123(a)(1).

    ii.    <u>Specify Unimpaired Classes</u>. There are no unimpaired Classes under the Confirmed Plan. All Classes of Claims are impaired. Thus § 1123(a)(2) is satisfied.

    iii.    <u>Specify Treatment of Impaired Classes</u>. Classes 1 through 12 are designated as impaired under the Confirmed Plan. Article IV of the Confirmed Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

    iv.    <u>No Discrimination</u>. The Confirmed Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

    v.    <u>Implementation of Plan</u>. The Confirmed Plan provides adequate and proper means for implementation of the Confirmed Plan, thereby satisfying § 1123(a)(5). Among other things, the Confirmed Plan provides that holders of Secured Claims shall retain their liens and that the Reorganized Debtor shall make Voluntary Contributions totaling $48,000 for distribution to holders of Allowed Claims in Class 7.

    vi.    <u>Corporate Charter Provision Inapplicable</u>. Section 1123(a)(6) is not applicable as the Debtor is an individual.

    vii.    <u>Selection of Post-Confirmation Manager</u>. The identity and affiliations of the Plan Trustee is disclosed in the Disclosure Statement and the Confirmed Plan. Further, provisions in the Confirmed Plan regarding the manner

of selection of the Reorganized Debtor's manager is consistent with the interests of creditors and with public policy. Thus, § 1123(a)(7) is satisfied.

  viii. <u>Payments from Future Income of the Debtor</u>. The Confirmed Plan requires the Debtor to contribute his Disposable Income ($0.00) and additional Voluntary Contributions to pay Class 7 Claims. Thus, § 1123(a)(8) is satisfied.

  ix. <u>Additional Plan Provisions</u>. The Confirmed Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of § 1123(b).

  x. <u>Bankruptcy Rule 3016(a)</u>. The Confirmed Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

 H. <u>The Confirmed Plan and the Proponent Comply with the Bankruptcy Code</u>. The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

  i. The Debtor is a proper proponent of the Confirmed Plan under § 1121(c).

  ii. The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

 I. <u>Plan Proposed in Good Faith</u>. The Confirmed Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). In determining that the Confirmed Plan has been proposed in good faith, the Court

has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Confirmed Plan.  Among other things, the Court finds:

    i.    the Debtor filed the Bankruptcy Case, and proposed the Plan, for a valid reorganizational purpose;

    ii.    neither this Bankruptcy Case nor the Confirmed Plan was filed as a litigation tactic or for delay;

    iii.    the Debtor has been, and is, actively prosecuting this Bankruptcy Case;

    iv.    the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, maximizing returns to creditors;

    v.    the Plan, and Modified Plan, are the result of arms-length negotiations, including discussions with Salt Lake County, Bank of American Fork, and RADC/CADC;

    vi.    the Confirmed Plan contemplates full payment of Allowed Claims in Classes 1 through 5, and significant distributions to holders of Allowed Claims in Classes 6 and 7;

    vii.    the Debtor has ongoing income and earnings to fund the Voluntary Contributions;

    viii.    the Debtor is current on post-petition installment payments to secured creditors;

    ix.    this is not a case involving a single asset or single creditor;

    x.    the Debtor has a reasonable possibility of reorganization under the Confirmed Plan; and

          xi.     the Confirmed Plan is feasible and practical, and there is a reasonable likelihood that the Confirmed Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

    J.    <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by Professionals, has been approved by or is subject to the approval of the Court as reasonable, thereby satisfying § 1129(a)(4).

    K.    <u>Manager of the Reorganized Debtor</u>.  The Confirmed Plan and the Disclosure Statement identify the Debtor, Steven P. White, as the initial Plan Trustee.  The service of the Debtor as the post-confirmation manager of his Estate is consistent with the interests of the holders of Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

    L.    <u>No Rate Changes</u>.  The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

    M.    <u>Best Interests of Creditors Test</u>.  Because Classes 1 through 6 accepted the Plan unanimously by affirmative vote or by deemed acceptance as noted above, the Confirmed Plan satisfies § 1129(a)(7)(i) with respect to those Classes.  As to the Class 7, which affirmatively voted to accept the Plan but garnered one rejecting vote on the Plan, the Confirmed Plan satisfies § 1129(a)(7)(ii) because each holder of an Allowed Class 7 Claim (as well as holders of Allowed Claims in all other Classes) will receive or retain under the Confirmed Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

N. <u>Acceptance by All Classes</u>. Classes 1 through 7 (all Classes) are impaired, but as noted above, all Classes have accepted the Plan. Therefore, § 1129(a)(8) is satisfied.

O. <u>Treatment of Administrative Expense Claims and Priority Tax Claims</u>. The Confirmed Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims will be paid as mandated by § 1129(a)(9).

P. <u>Acceptance by at Least One Impaired Class</u>. Classes 1 through 7 (all Classes) have accepted the Plan, as noted above. Therefore, there is at least one impaired accepting Class, and § 1129(a)(10) is satisfied.

Q. <u>Feasibility</u>. The Confirmed Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by a liquidation or the need for further financial reorganization of the Debtor, excepting the liquidation specifically contemplated under the Confirmed Plan. The Confirmed Plan offers a reasonable prospect of success and is workable. The Debtor has presented credible evidence of his reasonable prospect of post-confirmation earnings. There is a reasonable prospect that the Debtor's anticipated future income will be sufficient to fund the payments required under the Confirmed Plan, and that the Debtor will be able to satisfy their obligations under the Confirmed Plan.

R. <u>Payment of Fees</u>. All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to Section 2.2(b) of the Confirmed Plan, thereby satisfying § 1129(a)(12).

S. <u>Continuation of Retiree Benefits</u>. The Confirmed Plan complies with § 1129(a)(13) because the Debtor has no obligation to pay retiree benefits subject to § 1114.

T. <u>No Domestic Support Obligations</u>. The Debtor has no domestic support obligations. Therefore § 1129(a)(14) is not applicable.

U. <u>Projected Disposable Income</u>. The Debtors' disposable income, as defined in § 1325(b)(2), is $0.00 per month. Section 5.5 of the Plan requires the Debtor to contribute Disposable Income in this amount, together with additional Voluntary Contributions. Under section 5.5, the combined Disposable Income and Voluntary Contributions will fund payment of and/or distributions on account of Allowed Class 7 Claims. Accordingly, the value of the property to be distributed under the Confirmed Plan is not less than the projected disposable income of the Debtor (as defined in § 1325(b)(2)) to be received during the 5-year period beginning on the date that the first payment is due under the Confirmed Plan, or during the period for which the Confirmed Plan provides payments, whichever is longer; therefore, § 1129(a)(15) is satisfied.

V. <u>Transfers Will Comply with Nonbankruptcy Law</u>. The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

W. <u>Fair and Equitable; No Unfair Discrimination</u>. All Classes of Claims have accepted (or are deemed to have accepted) the Confirmed Plan, and thus compliance with § 1129(b) is not required.

X. <u>No Other Plan</u>. No other chapter 11 plan is pending before the Court in this Bankruptcy Case, and so § 1129(c) does not apply.

Y. <u>Principal Purpose of Plan</u>. The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

Z. <u>Not a Small Business Case</u>. This is not a small business case. As such, § 1129(e) is not applicable.

AA. <u>Modified Plan Complies with Bankruptcy Code Requirements</u>.  The modifications to the Plan that are included in the Modified Plan are primarily in the nature of clarifications, not substantive changes to the Plan, and each of the Findings and Conclusions made herein with respect to the Plan are also made with respect to the Modified Plan.

BB. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

CC. In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Confirmed Plan will be confirmed by entry of the separate Confirmation Order.

------------------------------------- END OF DOCUMENT -------------------------------------